## SINAS v. CITY OF LANSING.

1. MUNICIPAL CORPORATIONS—MARKET VALUE OF URBAN RENEWAL LAND.

   The market value of land purchased by a city pursuant to statutory provisions authorizing rehabilitation of blighted areas is its value after acquisition, demolition of structures existing thereon, and preparation of the land for reuse pursuant to the rehabilitation program (CL 1948, §§ 125.71–125.83, as amended).

2. SAME—VALUATION OF URBAN RENEWAL LAND.

   The acquisition cost of land purchased by a city pursuant to statutory provisions authorizing rehabilitation of blighted areas cannot be relied upon to establish the market value of the land after acquisition, demolition of structures existing thereon, and

REFERENCES FOR POINTS IN HEADNOTES
[1–6, 8, 9] 42 Am Jur, Public Housing Laws § 2.
   Validity, construction, and effect of statutes providing for urban redevelopment by private enterprise. 44 ALR2d 1414.
[7] 5 Am Jur 2d, Appeal and Error § 760.
[10] 5 Am Jur 2d, Appeal and Error § 1009.

preparation of the land for reuse, since such acquisition cost includes land and building having a value to the owners thereof, but which contributed to the blight requiring that rehabilitation be undertaken (CL 1948, §§ 125.71–125.83, as amended).

3. SAME—MARKET VALUE OF URBAN RENEWAL LAND.

Claim by plaintiff that land purchased by defendant city, pursuant to statutory provisions authorizing rehabilitation of blighted areas, was conveyed by it to defendant community college for less than its market value *held*, without merit, where plaintiff relied upon acquisition cost, including land and existing buildings, to establish such market value, rather than its value after acquisition, demolition of existing structures, and preparation for reuse, since the latter valuation is the proper determination of the market value of such land, and the record discloses that defendant college paid exactly such amount (CL 1948, §§ 125.71–125.83, as amended).

4. SAME—PUBLIC USE.

Public use, within the meaning of the statutory provisions authorizing rehabilitation of blighted areas, includes schools (CL 1948, § 125.76).

5. SAME—URBAN RENEWAL LAND—TRANSFER TO PUBLIC COLLEGE.

A city may transfer to a public college without consideration, land obtained by the city pursuant to the statutory provisions authorizing rehabilitation of blighted areas (CL 1948, §§ 125-.71–125.83, as amended).

6. SAME—TRANSFER OF URBAN RENEWAL PROPERTY FOR PUBLIC USE —CONSIDERATION.

No "lending of credit" is involved in a transfer by a city to a public college of property obtained by the city pursuant to statutory provisions authorizing rehabilitation of blighted areas, whether such transfer is made with or without consideration (CL 1948, §§ 125.71–125.83, as amended).

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW—LENDING OF CREDIT.

Question of whether statute authorizing rehabilitation of blighted areas should be governed by the provisions of the Constitution of 1908, prohibiting the lending of credit, or the Constitution of 1963, prohibiting the same, is not determined where unnecessary to a decision of the case (Const 1908, art 8, § 25, art 10, § 12; Const 1963, art 7, § 26, art 9, § 18; CL 1948, §§ 125.71–125.83, as amended).

8. Municipal Corporations—Urban Renewal—Statutes—Taxable
Value.

Claim by plaintiff that city's transfer to defendant college of
land obtained by the city, pursuant to statutory provisions au-
thorizing rehabilitation of blighted areas, would violate the
statute by removing property from the tax rolls rather than
preserving taxable value of property within the area *held*, with-
out merit, where record demonstrates that the taxable value of
the entire blighted area will be increased 6 times when the con-
templated rehabilitation is completed (CL 1948, § 125.71).

9. Same—City Charter—Statutes.

Claim by plaintiff that transfer by city to defendant college of
property obtained by the city, pursuant to statutory provision
authorizing rehabilitation of blighted areas, was void because
said transfer was made without an election thereon, contrary to
the provisions of the Lansing city charter *held*, without merit,
where the legislation authorizing the acquisition and disposi-
tion of such property provided for its transfer without election,
and specifically provided that the powers ·of municipalities to
acquire and dispose of such property were in addition to those
contained in local charters, since when acting under such stat-
utory powers, the city is not controlled by its charter (Lansing
City Charter, ch 14, § 14.3[d]; CL 1948, §§ 125.76, 125.83).

10. Costs—Public Question—Transfer of Urban Renewal Land
to College.

No costs are allowed on appeal in action to enjoin transfer of
urban renewal land from city to college, a public question being
involved.

Appeal from Ingham; Coash (Louis E.), Salmon
(Marvin J.), and Hughes (Sam Street), JJ., *en
banc*. Submitted Division 2 May 5, 1967, at Lansing.
(Docket No. 2,262.) Decided July 20, 1967. Leave to
appeal granted November 8, 1967. See 379 Mich 787.

Complaint by Thomas G. Sinas against the City
of Lansing and Lansing Community College, inter-
vening defendant, to enjoin the transfer of certain
land and the proposed future transfer of other
land pursuant to a contract between the City of
Lansing and the Lansing Community College. Sum-
mary judgment for defendants. Plaintiff appeals.
Affirmed.

*Sinas, Dramis, Brake & Werbelow (Lester N. Turner,* of counsel), and *Farhat, Burns, Treleaven & Luoma,* for plaintiff.

*Bruce S. King,* for defendant City of Lansing.

*Foster, Campbell, Lindemer & McGurrin (John L. Collins,* of counsel), for defendant Lansing Community College.

QUINN, J. After considering the pleadings, affidavits, exhibits, depositions and oral testimony in this cause, the judges of Ingham county circuit court, sitting *en banc* found that there was no genuine issue of fact in dispute and concluded that defendant and intervening defendant were entitled to judgment as a matter of law and granted their motion for summary judgment pursuant to GCR 1963, 117.2(1). Plaintiff appeals.

Pursuant to statutory provisions authorizing rehabilitation of blighted areas, CL 1948, §§ 125.71–125.83, as amended (Stat Ann 1958 Rev §§ 5.3501–5.3513, as amended), defendant city has undertaken a program for acquisition, clearance, and redevelopment of certain properties within the city. Project No 1 is the designation of the first phase of the program and it includes the block bounded by Capitol avenue, Shiawassee street, Genesee street and Washington avenue. All but one parcel in this block are to be used by the college, and the cost of acquisition was $420,500. The city transferred this land to the college for $114,345. This transfer and proposed future transfers of land in projects 1 and 2 by the city to the college for less than the acquisition cost thereof are the bases for the action involved in this appeal. Plaintiff is a resident, taxpayer, and property owner in the city.

Plaintiff first argues that conveyance of the land by the city to the college for less than market value is in effect a lending of credit by the former contrary to the provisions of Const 1963, art 7, § 26,[1] and art 9, § 18.[2] To demonstrate that the city conveyed to the college for less than market value, plaintiff uses the acquisition cost as establishing market value. This is erroneous. The acquisition cost included land and buildings, which had a value to the owners thereof but which contributed to the blight of the area that required the program of rehabilitation undertaken by the city. The market value of such land is its value after acquisition, demolition of structures existing thereon, and preparation of the land for reuse pursuant to the rehabilitation program. The record before us demonstrates that the amount the college paid for the land is based exactly on that market value.

In addition, this argument of plaintiff assumes that the city is required to receive market value for property so conveyed, and this assumption is false. The statutory definition of public use includes schools, and CL 1948, § 125.76 (Stat Ann 1958 Rev § 5.3506) provides:

"After the acquisition of the real property, such property as will be used by public agencies shall be transferred to or placed under the jurisdiction of the appropriate public agencies for public use as defined in this act."

We conclude the transfer could have been made without consideration.

[1] "Except as otherwise provided in this constitution, no city or village shall have the power to loan its credit for any private purpose or, except as provided by law, for any public purpose."

[2] "The credit of the state shall not be granted to, nor in aid of any person, association or corporation, public or private, except as authorized in this constitution."

Furthermore, as we read the majority opinion in *Sommers* v. *City of Flint* (1959), 355 Mich 655, no "lending of credit" is involved in a transfer of property as here involved whether the transfer is made with or without consideration. This conclusion makes unnecessary any discussion of the question raised by plaintiff for the first time at oral argument, namely: whether the constitutionality of the statute with respect to the lending of credit argument is to be determined by the provisions of Const 1908, art 8, § 25, and art 10, § 12, rather than Const 1963, art 7, § 26, and art 9, § 18.

CL 1948, § 125.71 (Stat Ann 1958 Rev § 5.3501) provides that one of the purposes of the statute is "to preserve the taxable value of the property within such areas." Using this express purpose as a starting point, plaintiff contends that transfers as here involved remove property from the tax rolls and thus lower rather than preserve taxable value, hence they are in violation of the statute. This position ignores the fact in the record that the taxable value of the entire blighted area will be increased 6 times when the rehabilitation contemplated is completed and we reject the argument as untenable.

The charter of the city prohibits sale or disposition of city-owned property without an election thereon unless certain conditions are met. The transfers litigated here do not meet such conditions, and plaintiff says they are void without election. A reading of the statute indicates the legislature foresaw this problem and provided for it by CL 1948, § 125.83 (Stat Ann 1958 Rev § 5.3513) which reads:

"The powers granted in this act shall be in addition to powers granted to municipalities, the local legislative bodies thereof and other officials and

bodies thereof under the statutes and local charters."

Thus when acting under additional statutory powers, the city is not controlled by its charter provisions, *City of Jackson* v. *Consumers Power Company* (1945), 312 Mich 437 (62 PUR NS 48), and CL 1948, § 125.76 (Stat Ann 1958 Rev § 5.3506) provides for transfer without election.

Affirmed but without costs, a public question being involved.

LESINSKI, C. J., and GILMORE, J., concurred.